William O. Hecht, Jr., J.
Petitioners seek to vacate and annul an order of the State Rent Administrator granting landlord a rent increase on the ground that the Administrator erroneously employed a purchase price of $1,150,000 as the basis for valuation of the subject property. In addition thereto, petitioners contend that the processing of the application by the Administrator resulted in a denial to them of due process of law.
Contrary to petitioners’ contention, a “ decision ” by respondent’s valuation committee does not deprive them of due process nor is it an unlawful delegation of authority. Prior to 1955, the local rent administrators, under the applicable regulations, had certain latitude in each case to determine which of alternate valuation bases was to be used in a particular case. Since 1955, however, respondent and his predecessors in .office, in an effort to establish uniformity in policy determinations, vested the right to make preliminary valuation reports in a “valuation committee ”. This committee, unquestionably, is subordinate to respondent, who, ultimately, makes the final decision and order based thereon. This procedure in no manner is an abdication *996 by respondent of his authority. .The “ decisions ” of the valuation committee serve as a guide for the determinations of the local rent administrators. Bather than depriving tenants of due process, it is apparent that this uniform system helps to co-ordinate and improve local rent office procedures.
The role of subordinate employees in the administrative process and the various preliminary reports and “ decisions ” made by them in the intermediate stages of processing do not detract in any manner from the legality of respondent’s final determinations, as set forth in his orders. Inasmuch as the ultimate decision and responsibility for the orders here involved lie with the respondent, there is no merit to petitioners’ argument that it was a denial of due process to prevent them from examining members of the valuation committee who may have had an intermediate role in the processing of their claims and protests.
Similarly, I find no merit to petitioners’ contention that it was arbitrary and capricious for respondent to accept the purchase price as a valuation basis. The applicable statute requires the use of a current sales price as the index of value in computing a “ hardship ” increase where there has been a bona fide, at arm’s length transaction on normal financing terms and unaffected by special circumstances. This law, however, vests in the Administrator broad discretionary authority to consider all salient facts in the sale of a building (Emergency Housing Bent Control Law, § 4, subd. 4, par. [a], cl. [1]; L. 1946, ch. 274, as amd. by L. 1961, ch. 337).
The property here involved is a Park Avenue building, situ- • ated in a choice Manhattan location, containing 31 apartments with about one third of them decontrolled. The 1960-1961 assessed valuation was $455,000. In its application for a hardship increase, the landlord indicated that it had acquired the property on September 15, 1960 for the sum of $1,150,000 with an 18.4% cash payment approximating $212,000. The record before the Administrator also indicated that earlier in 1960, a contract for the sale of the property had been entered into between one June Nelson, the vendor in the subject sale, and Flámm Bealty Corp. for $1,100,000. On September 13, 1960, Mrs. Nelson assigned her interest in the contract for $50,000 to a nominee of the applicant-landlord here. This $50,000, together with her prior $50,000 cash payment' on the contract, remained on deposit with the present buyer who executed a two-year third mortgage at 6% interest in Mrs. Nelson’s favor.
It is conceded that Mrs. Nelson had contracted to buy the propérty to co-operate, the building and to secure occupancy of one of the apartments for herself. Similarly, the present land *997 lord also acknowledged, that .the property had been acquired with the expectation of.co-operating it...
Contrary to petitioners’ contention, however, the purchase of property with the expectation of converting it. to a co-operative, does not, in and of itself, constitute a proscribed “ sale to a co-operative ” (Matter of Payson v. Caputa, 9 A D 2d 226, 233-235). Similarly, a contract provision against renting of vacant apartments, in an effort to make the building especially adaptable for conversion to co-operative ownership, does not necessarily establish such proscribed sale (Matter of Quittner v. Herman, 15 A D 2d 68, 69, affd. 11 N Y 2d 800). Thus, unless the purchaser’s interest in converting the property to a co-operative could be shown to have distorted the price beyond the fair market value, the sale price may be deemed a proper valuation base. In the proceeding at bar, the Administrator properly determined that the intent to co-operate the building and other contract provisions relating to associated problems did not affect or abnormally distort the sale price to the landlord.
Petitioners argue that the financing here involved was abnormal. They point out that the second and third mortgages require no amortization; that there were 65% prior financial increases since March, 1943; that the property is operated at a loss; that the relationship between the mortgage structure and the equalized assessed valuation was abnormal and that the ratio between the purchase price and rent roll was grossly excessive.
It is apparent from the lengthy reports before the court that respondent considered each of the foregoing claims and, after careful consideration, arrived at his determination that the price involved in the sale used as the valuation base was not distorted or abnormal. It is significant that the difference between the last two sales of this property was $50,000, a minimal distinction. Under these circumstances, contrary to what petitioners urge, the assessed valuation could not be deemed to be a true reflection of the value of the subject property (see Matter of Ackerman v. Weaver, 6 N Y 2d 283).
Petitioners’ reliance on the “ loss operation ” and the alleged relationship between the purchase price and the rent roll is unwarranted. As noted by respondent, such relationship is considered normal for this type of property.
Giving due consideration to each of the claims of petitioners, I have reached the conclusion that nothing in the record would warrant this court in substituting its judgment- for that of respondent. Petitioners have failed to establish that any of respondent’s determinations here was arbitrary or capricious or contrary to law. Accordingly, the application is denied and petition dismissed.